IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGIE L. KEMP, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 20-1228 |
| | : | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : : | |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM OPINION

Margie Kemp ("Kemp" or "Plaintiff") seeks review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") decision denying her claim for Disability Insurance Benefits ("DIB").[1] For the reasons that follow, Kemp's Request for Review will be denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Kemp was born on December 24, 1969. R. at 34.[2] She has a high school education and can speak and understand English. Id. She has past relevant work as a stock clerk. Id. On January 11, 2017, Kemp filed an application for DIB pursuant to Title II of the Social Security Act. Id. at 15. She alleged that she became disabled on December 31, 2013, due to cardiac issues, chronic pain, and depression. Id. at 15, 17, 165. The application was initially denied on

---

[1]   In accordance with 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment. See Doc. Nos. 19, 20.

[2]   Citations to the administrative record will be indicated by "R." followed by the page number.

April 18, 2017.  Id. at 15.  Kemp then filed a written request for a hearing on April 21, 2017.  Id.  A hearing regarding the denial of her DIB application was held before an Administrative Law Judge ("ALJ") on October 23, 2018.  Id.  On December 5, 2018, the ALJ issued a decision finding that Kemp was not disabled.  Id. at 35.  The Appeals Council denied Kemp's request for review, thereby affirming the decision of the ALJ as the final decision of the Commissioner.  Id. at 1-3.  Kemp then commenced this action in federal court.

## II.  THE ALJ'S DECISION

In her decision, the ALJ found that Kemp suffered from the following severe impairments: ischemic cardiomyopathy with automatic implantable cardioverter/defibrillator, obesity, hypertension, rheumatoid arthritis, depression, and anxiety.  Id. at 17.  The ALJ did not find that any impairment, or combination of impairments, met or medically equaled a listed impairment.  Id. at 18.  The ALJ determined that Kemp retained the residual functional capacity to "perform sedentary work as defined in 20 CFR 416.1567(a) except she is limited to occasional postural activities, cannot climb, should avoid extremes of temperature, and is limited to routine, repetitive tasks."  Id. at 24.

Relying on the vocational expert who appeared at the hearing, the ALJ found that there were jobs that existed in significant numbers in the national economy that Kemp could perform, such as assembler, hand packager, and visual inspector.  Id. at 34-35.  Accordingly, the ALJ found that Kemp was not disabled.  Id. at 35.

## III.  KEMP'S REQUEST FOR REVIEW

In her Request for Review, Kemp contends that the ALJ's decision was not supported by substantial evidence because the ALJ failed to properly evaluate the opinions of her treating cardiologist and rheumatologist.

## IV.     SOCIAL SECURITY STANDARD OF REVIEW

The role of the court in reviewing an administrative decision denying benefits in a Social Security matter is to uphold any factual determination made by the ALJ that is supported by "substantial evidence."  42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986); Newhouse v. Heckler, 753 F.2d 283, 285 (3d Cir. 1985).  A reviewing court may not undertake a de novo review of the Commissioner's decision to reweigh the evidence.  Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).  The court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact."  Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001).

Substantial evidence is a deferential standard of review.  See Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004).  Substantial evidence "'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564-65 (1988)); Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987).  It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence."  Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks omitted).  The court's review is plenary as to the ALJ's application of legal standards.  Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995).

To prove disability, a claimant must demonstrate some medically determinable basis for a physical or mental impairment that prevents him or her from engaging in any substantial gainful activity for a 12-month period.  42 U.S.C. § 423(d)(1); accord id. § 1382c(a)(3)(A).  As

explained in the applicable agency regulation, each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (references to other regulations omitted); accord id. § 416.920.

### V.     DISCUSSION

#### A.     Substantial Evidence Supports the ALJ's Decision to Assign Great Weight to the Opinion of Kemp's Treating Cardiologist

Kemp alleges that the ALJ erred in "disregard[ing]" the statement of Paul Gulotta, M.D., that she could not return to work in August 2014. Pl.'s Br. (Doc. No. 23) at 6. She contends that this statement supports a finding that she could not "even perform sedentary work" and was consistent with "the fact that she becomes short of breath with any type of activity." Id.

On August 18, 2014, as part of the summary of the office visit on that date, Dr. Gulotta stated that Kemp "should not return to work at this time since she could not function in her previous capacity in light of her easily provoked [shortness of breath]." R. at 275. The ALJ gave "great weight" to this opinion because of its consistency with the evidence of record. Id. at 33. The ALJ stated that Kemp "should not perform her medium to heavy past relevant work as a

4

stock clerk, as it would put too much stress on [her] impaired cardiovascular system and would cause her too much joint pain." Id.

Kemp has provided no explanation as to how the ALJ's designation of Dr. Gulotta's opinion as having "great weight" disregarded the statement that she should not return to her past work in August 2014. Pl.'s Br. at 6. Rather, the ALJ explicitly agreed with Dr. Gulotta's opinion regarding Kemp's ability to perform past relevant work. R. at 33.

Kemp's contention that Dr. Gulotta's statement supports a finding that she "[could not] even perform sedentary work" also fails. Pl.'s Br. at 6. Kemp suggests that Dr. Gulotta only discussed Kemp's past relevant work in relation to her shortness of breath because that past work was his only point of reference. Id. Kemp argues that his findings on her ability to perform past relevant work are consistent with her own testimony that she experiences shortness of breath with "any type of activity," thus precluding her performance of sedentary work. Id. However, Dr. Gulotta's opinion that Kemp could not function in her previous capacity—medium to heavy work—because of her shortness of breath does not support a finding that Kemp could not perform even sedentary work. Indeed, the ALJ accounted for Kemp's shortness of breath in giving great weight to Dr. Gulotta's opinion and in determining that she could not perform medium to heavy work. R. at 33. This finding is supported by substantial evidence.

Under the applicable regulations and controlling case law,[3] "opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(2)); accord 20 C.F.R.

---

[3] The Social Security Administration amended its regulations regarding how to assess treating source opinions for claims filed on or after March 27, 2017. See 82 F.R. 5844, 5869 (Jan. 18, 2017); see also 20 C.F.R. §§ 404.1520c, 416.920c. Because Kemp's claims were filed on January 11, 2017, see R. at 15, the new rules do not apply here.

§ 416.927(c)(2). A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If an ALJ does not afford a treating physician's opinion controlling weight, he or she may instead give it "more or less weight depending upon the extent to which supporting explanations are provided." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Factors to be considered by the ALJ in assigning appropriate weight to a medical opinion include the following: the length of the treating relationship and frequency of examination; the nature and extent of the treating relationship; supportability; consistency; specialization; and other relevant factors. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

Here, the ALJ's finding that Dr. Gulotta's opinion deserved great weight is supported by the opinion's consistency with the record, including Dr. Gulotta's own treatment records. Dr. Gulotta has monitored Kemp's shortness of breath since 2013. R. at 329. In 2014, Dr. Gulotta indicated that Kemp's shortness of breath was associated with household activities, such as walking stairs or doing laundry. Id. at 279, 288. In 2015 and 2016, he noted that Kemp's shortness of breath with "exertion" remained generally unchanged. Id. at 255, 259, 263. Finally, in 2017, Dr. Gulotta stated that Kemp's shortness of breath was "not as bad" because she had been walking on a regular basis and even went swimming. Id. at 582, 590. Dr. Gulotta's records also demonstrate that Kemp's physical examinations generally showed that she had no ischemia, angina, cough, or wheezing. Id. at 279, 288, 585-86, 591, 593, 598.

Furthermore, Dr. Gulotta's opinion is consistent with Kemp's activities of daily living, which demonstrated that Kemp's shortness of breath occurred "only with exertion." Id. at 32.

Kemp indicated that she became short of breath when walking stairs, mopping, and bending over but could complete household responsibilities, such as caring for children and pets, doing laundry and cleaning dishes, and shopping for groceries. Id. at 204-07, 211. She stated that her hobbies and interests included reading, watching television, and crocheting but that she could not play sports because of her shortness of breath. Id. at 208. Thus, the consistency of Dr. Gulotta's opinion with the treatment records and Kemp's own activities demonstrate that the ALJ's finding was supported by substantial evidence.

> **B. Substantial Evidence Supports the ALJ's Decision to Assign Little Weight to the Opinion of Kemp's Treating Rheumatologist**

Kemp further argues that the ALJ erred in "disregard[ing]" the opinion of Dr. Dennis Moss, D.O., her treating rheumatologist. Pl.'s Br. at 5-6. She contends that Dr. Moss's statement that she could perform "no work" was "related to [her] symptoms and his findings on examination" and established that she is "unable to perform even sedentary work." Id. at 6.

On December 12, 2013, after a visit in which Kemp sought assistance with Family and Medical Leave Act paperwork, Dr. Moss wrote that Kemp should "continue out of work," then follow up with him in four weeks. R. at 471. The ALJ gave this opinion little weight because "the issue of [Kemp's] ability to do work is an issue reserved to the Commissioner" and because the opinion was from before the alleged onset date of December 31, 2013. Id. at 33. The ALJ also stated that the record supported a finding that Kemp could perform a range of sedentary work because her nodules and joint pain improved with treatment and her cardiology records indicated no ischemia, angina, cough, or wheezing. Id. This finding is supported by substantial evidence.

Under the controlling regulations discussed supra in Section V.A., an ALJ is not required to adopt a medical provider's opinion about whether a claimant is disabled and cannot work. 20

7

C.F.R. § 404.1527(d)(1).  An ALJ "will not give any special significance to the source of an opinion on issues reserved to the Commissioner," including whether a claimant is able to work. Id. § 404.1527(d)(3).  Thus, the ALJ did not err in failing to give special significance to Kemp's treating rheumatologist's opinion.

Additionally, the ALJ's determination that Dr. Moss's opinion deserved little weight is supported by its lack of probative value.  As the ALJ noted, Dr. Moss's note about Kemp's ability to perform her work was solely in consideration of her cardiovascular impairments and was made before the alleged onset date, which reduces its probative value.  R. at 471.  Following this visit, Kemp sought treatment from cardiologist Dr. Gulotta, who monitored and stabilized her cardiac condition.  Id. at 25; see, e.g., id. at 284, 288, 582, 590.

Moreover, the ALJ's findings regarding Dr. Moss's opinion are supported by the opinion's inconsistency with the record, other medical opinions, and Kemp's activities of daily living.  Although Dr. Moss stated that Kemp could perform "no work" because of cardiovascular issues in 2013, the record demonstrates that her physical impairments stabilized with treatment and that she experienced no ischemia, angina, coughing, or wheezing.  Id. at 279, 288, 471, 585-86, 591, 593, 598.  With treatment, Kemp was also able to begin walking regularly and even swam despite her shortness of breath.  Id. at 582, 590.  As the ALJ stated, Kemp's intermittent subcutaneous nodules and joint pain improved with the use of prednisone tapers and methotrexate.  Id. at 430-31, 607-08, 613, 618, 623.  Further, as discussed supra in Section V.A., the ALJ gave great weight to treating cardiologist Dr. Gulotta's opinion that Kemp could not perform medium to heavy past relevant work, which is inconsistent with Dr. Moss's note that Kemp could perform no work.  Id. at 33.  Finally, Kemp's activities of daily living, including household chores, caring for children and pets, shopping, watching television, and reading, are

also inconsistent with Dr. Moss's statement. Id. at 207-11. The ALJ's finding that Dr. Moss's opinion deserved little weight is supported by substantial evidence.[4]

## VI. CONCLUSION

For the reasons set forth above, this Court finds that the ALJ's decision is supported by substantial evidence. Therefore, Plaintiff's Request for Review will be denied and dismissed. An appropriate order follows.

Dated: March 24, 2022

BY THE COURT:

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE

---

[4] In her submission, Kemp briefly references her own testimony as consistent with the record and supportive of the conclusion that she is unable to perform any kind of work. Pl.'s Br. at 5. The ALJ determined that Kemp's statements about the intensity, persistence, and limiting effects of her symptoms were not consistent with the medical and record evidence. R. at 25. This finding is supported by substantial evidence because Kemp's testimony is inconsistent with her activities of daily living and improvement of physical medical conditions with treatment. See supra Sections V.A-B.